UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRITTNEY REED, as Administratrix of the
Estate of JOSEPH REED, Deceased, and
BRITTNEY REED, Individually,

               Plaintiff,

          -against-

MARVIN LUMBER & CEDAR CO., LLC;
INTERSTATE + LAKELAND LUMBER
CORPORATION; TRAMEC HOLDINGS LLC
d/b/a TRAMEC LLC; and SCHNEIDER
NATIONAL CARRIERS, INC.,

              Defendants.

**ORDER**

22-CV-09701 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Defendant Marvin Lumber & Cedar Co., LLC ("Marvin") filed a Notice of Removal on November 14, 2022, removing this action from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. 1, "Not."). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

## BACKGROUND

    On November 14, 2022, Marvin filed a Notice of Removal, which attached as exhibits: (i) Plaintiff's Summons and Verified Complaint (Doc. 1-1, "Compl."); (ii) Plaintiff's Amended Verified Complaint (Doc. 1-2, "AC"); (iii) a Supplemental Summons (Doc. 1-3); (iv) the State Court docket sheet and filings (Doc. 1-4); and (v) the Declaration of Devon Holstad (Doc. 1-5, "Decl."). Marvin claims that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties (Not. ¶¶ 4-9, 11); and (2) "[t]he sum demanded in good faith in the Amended Complaint is greater than $75,000." (*Id*. ¶ 10).

**ANALYSIS**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). With respect to the citizenship of the parties, it is axiomatic that, "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("[L]imited liability companies . . . obtain citizenship from each of their members."). Local Civil Rule 81.1 requires a removing defendant to set forth for each party, the "residence, domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" and, "in the case of each party that is a . . . limited liability company . . . , like information for all of its partners or members, as well as the state or other jurisdiction of its formation." S.D.N.Y. Local Civ. R. 81.1(1), (2).

"The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice

2

of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

As an initial matter, the Notice of Removal fails to adequately allege the citizenship of defendant Tramec Holdings LLC d/b/a Tramec LLC in that it does not set forth the citizenship of that limited liability company's members. (Not. ¶ 6; Decl. ¶ 4). Notwithstanding that defect, even if complete diversity of citizenship had been adequately alleged, Marvin has not established that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, neither the Complaint nor the Amended Complaint states a specific sum of money sought from Defendants and assert only that damages "exceed[ ] the monetary jurisdiction of all lesser courts in the State of New York." (Compl. ¶¶ 71, 80, 92, 94, 99; AC ¶¶ 72, 81, 93, 95, 100). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Marvin asserts in conclusory fashion, without any supporting information, that "[t]he sum demanded in good faith in the Amended Complaint is greater than $75,000." (Not. ¶ 10; Decl. ¶ 6). Marvin has not furnished any written indication of the amount in controversy. (*See generally*, Not.). This Court, although not required to do so, has also undertaken to review the electronic

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. (See Index No. 2022-53276, NYSCEF Doc. Nos. 1-6).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Marvin's allegation in the absence of any supporting information that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

## CONCLUSION

Based upon the foregoing, the Court concludes that Marvin failed to satisfy its burden of establishing that complete diversity of jurisdiction exists and that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme

Court of the State of New York, County of Dutchess, and to close this case.

**SO ORDERED:**

Dated:  White Plains, New York
          November 16, 2022

_____
Philip M. Halpern
United States District Judge

5